IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Commissioners of Public Works of the City of Charleston (d.b.a. Charleston Water System), Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> Dude Products Inc. <br><br> *Defendant*. | Civil Action No. 2:24-cv-02935 <br><br> **ORDER AND OPINION** |

Before the Court is Plaintiff's motion for final approval of class action settlement and award of attorneys' fees and expenses. (Dkt. No. 21). For the reasons set forth below, the Court grants Plaintiff's motion.

**Background**

In this putative class action, Plaintiff the Commissioners of Public Works of the City of Charleston, on behalf of itself and all others similarly situated, alleges that Defendant Dude Products Inc. design, market, manufacture, distribute, and/or sell wipes labeled as "flushable" which are not actually flushable. These wipes allegedly damage sewer systems across the country. Plaintiff brings claims for nuisance, trespass, strict products liability—defective design, strict products liability—failure to warn, and negligence. Plaintiff's Complaint seek—in addition to reasonable attorney's fees and costs for class counsel—prospective injunctive relief only.

Plaintiff moved for preliminary approval of settlements reached between itself and the Defendant. (Dkt. No. 5). Attached to the motion was a full copy of the Parties' Settlement Agreement. (Dkt. No. 5-2). The Court granted Plaintiff's motion for preliminary settlement approval. (Dkt. No. 14).

1

The Court subsequently issued an order regarding the timeline for proposed settlement. (Dkt. No. 16). The Court set forth June 28, 2024, as the deadline for publication of the Notice of Settlement via press release, U.S. mail, email, and website, and further ordered that Notice of Settlement be published in the August 2024 edition of *Water Environment & Technology.* (*Id.*). The Court further ordered that Class Counsel file for final approval of the Settlement Agreement and Class Counsel's application for fees and expenses by August 23, 2024. (*Id.*) A fairness hearing was set for September 27, 2024.  (*Id.*)

On August 23, 2024, Plaintiff moved for final approval of class action settlement and an award of attorneys' fees and expenses. (Dkt. No. 21). The Court received a response in support of the settlement (Dkt. No. 22) and no objection.

This case is related to *Commissioners of Public Works of City of Charleston v. Costco Wholesale Corporation et al.,* 2:21-cv-00042-RMG (the "Related Case"). In the Related Case, the Court approved similar settlements between Plaintiff and seven flushable wipe Defendants. (*Commissioners of Public Works of City of Charleston v. Costco Wholesale Corporation et al.,* 2:21-cv-00042-RMG at Dkt. Nos. 133 and 225).

September 27, 2024, the Court conducted a hearing for final approval of the present settlement and an award of attorneys' fees and expenses via teleconference. All Settling Parties were present and represented by counsel.

## **<u>Analysis</u>**

When a district court preliminarily approves a settlement after a hearing, the proposed settlement enjoys a presumption of fairness. *See Berkley v. U.S.*, 59 Fed. Cl. 675, 681 (2004) ("Settlement proposals enjoy a presumption of fairness afforded by a court's preliminary fairness determination."); *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d

2

768, 785 (3d Cir. 1995) ("This preliminary determination establishes an initial presumption of fairness . . . ."); *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. 2013) (accord); *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007) (accord); *Gaston v. LexisNexis Risk Sols. Inc.*, No. 516CV00009KDBDCK, 2021 WL 2077812, at *1 (W.D.N.C. May 24, 2021) (accord).

### 1. Certification of Settlement Class

A settlement class pursuant to Fed. R. Civ. P. 23(b)(2) is hereby certified. The "Settlement Class" is composed of "All STP Operators in the United States whose systems were in operation between May 9, 2021 and the date of preliminary approval [May 31, 2024]." (Dkt. No. 5-2 ¶ 1.22). An "STP Operator" is an entity that "owns and/or operates sewage or wastewater conveyance and treatment systems, including municipalities, authorities, and wastewater districts." (*Id.* at 47). This Settlement Class definition follows the Settlement Class definition from the Related Case.

Further, the Court finds that the Settlement Class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23. The requirements that must be met under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. In addition, the parties must satisfy one of the subsections of Rule 23(b) for their proposed classes.

The Court confirms its prior holding in the Related Case that the Rule 23(b)(2) Settlement Class satisfies the numerosity requirement of Rule 23(a)(1) as the number of STP Operators in the United States exceeds, at least, 17,000. *See, e.g., Cypress v. Newport News Gen. and Non-Sectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (stating that a class of 18 members met numerosity requirement).

The Court further confirms its prior holding in the Related Case that the commonality requirement of Rule 23(a)(2) is met. The commonality requirement – at least as it relates to a

settlement class – is "not usually a contentious one: the requirement is generally satisfied by the existence of a single issue of law or fact that is common across all class members and thus is easily met in most cases." Conte, 1 NEWBERG ON CLASS ACTIONS 5th § 3:18; *see also Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59, 64 (M.D.N.C. 2008) (noting that "[t]he commonality requirement is relatively easy to satisfy") (quoting *Buchanan v. Consol. Stores Corp.*, 217 F.R.D. 178, 187 (D. Md. 2003)). The Parties have enumerated various common questions which show the requirement is met. *See* (Dkt. No. 5-1 at 23-24).

The Court also confirms its prior holding in the Related Case that the typicality requirement of Rule 23(a)(3) is met. Typicality requires the class representatives' claims to be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied if the plaintiff's claim is not "so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim. That is not to say that typicality requires that the plaintiff's claim and the claims of class members be perfectly identical or perfectly aligned." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466–67 (4th Cir. 2006). Here, there is a sufficient link between Plaintiff's claims and those of absent class members. Like absent class members, Plaintiff is a STP Operator which has allegedly suffered damages caused by flushable wipes. *See* (Dkt. No. 5-1 at 23-24) (describing similar alleged harms suffered by STP Operators). In sum, Plaintiff and the Settlement Class Members' claims arise out of the same alleged course of conduct by Defendant and are based on identical legal theories.

Further, the Court confirms its prior holding in the Related Case that Plaintiff and their counsel are adequate representatives of the Settlement Class. In reaching this determination, the Court has considered whether Plaintiff will fairly and adequately protect the interests of the class. *Knight v. Lavine*, No. 1:12-CV-611, 2013 WL 427880 at *3, 2013 U.S. Dist. LEXIS 14855 at *9

4

(E.D. Va. Feb. 4, 2013).

First, the Court confirms the finding in the Related Case that Plaintiff has no interests antagonistic to the interest of other members of the Settlement Class. Moreover, the Settlement Agreement preserves the right of class members to seek monetary damages and non-injunctive relief against Defendant.

Second, the Court confirms its finding in the Related Case that proposed Class Counsel are competent to undertake this litigation. Class Counsel have extensive experience in class actions and in actions of a similar nature. Further, Class Counsel have demonstrated vigorous prosecution of the class claims throughout this litigation. Accordingly, the Court is satisfied that Plaintiff and Class Counsel are adequate representatives of the settlement under Rule 23(a)(4).

The Court further confirms its finding in the Related Case that as to the Settlement Class, Defendant has acted on grounds generally applicable to the class as a whole. Here, the Settlement Agreement treats all settlement class members equally in granting them the benefits of injunctive relief. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2557, 180 L.Ed.2d 374 (2011) ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (citation omitted); *see also Berry v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. 3:11-CV-754, 2014 U.S. Dist. LEXIS 124415 at *34 (E.D. Va. Sept. 5, 2014), affirmed by *Berry v. Schulman*, 807 F.3d 600 (4th Cir. 2015) ("The Court finds that certification of the Rule 23(b)(2) class in this case is appropriate because the injunctive relief sought is indivisible and applicable to all members of the Rule 23(b)(2) class.") (citation and internal quotation marks omitted). The proposed class action settlement thus satisfies the elements of Rule 23(b)(2).

Accordingly, the Court hereby certifies a settlement class as follows:

> Settlement Class: All STP Operators in the United States whose systems were in operation between May 9, 2021 and May 31, 2024.
>
> Excluded from the Settlement Class are counsel of record (and their respective law firms) for any of the Parties, employees of Defendant, and any judge presiding over this action and their staff, and all members of their immediate families.

### 2. Appointment of Class Counsel and Class Representative

Having certified the class under Rule 23(b)(2), and having considered the work Plaintiff's counsel has done in identifying and investigating potential claims in this action, counsel's experience in handling complex litigation, counsel's knowledge of the applicable law, and the resources counsel have committed to representing the Settlement Class, the following attorneys are designated Class Counsel under Rule 23(g)(1):

- Robbins Geller Rudman & Dowd LLP; and
- AquaLaw PLC

Plaintiff is appointed Class Representative.

### 3. Final Approval of Proposed Settlement

Under Rule 23(e)(1) the Court will approve a class action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1). At the preliminary approval stage, the Court made a determination as to the fairness, reasonableness, and adequacy of the settlement terms. Fed. R. Civ. P. 23(e)(2); *see also* Manual for Complex Litigation (Fourth) ("MCL"), § 21.632 (4th ed. 2004). The Fourth Circuit has bifurcated this analysis into consideration of the fairness of settlement negotiations and the adequacy of the consideration to the class. *In re Jiffy Lube Secs. Litig.*, 927 F.2d 155, 158–59 (4th Cir. 1991). At the preliminary approval stage, the Court found that the settlement was within "the range of possible approval." *Scott v. Family Dollar Stores, Inc.*,

6

No. 3:08-cv-00540-MOC-DSC, 2018 U.S. Dist. LEXIS 41908, at *10 (W.D.N.C. Mar. 14, 2018); *Horton v. Merrill Lynch, Pierce, Fenner & Smith*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (citing *In Re Mid-Atlantic Toyota Antitrust Litigation*, 564 F. Supp. 1379, 1384 (D. Md. 1983)).

The Fourth Circuit has set forth the factors to be used in analyzing a class settlement for fairness: (1) the posture of the case at the time the proposed settlement was reached, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the settlement negotiations, and (4) counsel's experience in the type of case at issue. *Jiffy Lube*, 927 F.2d at 158–59.

The Court finds that the settlement reached in this case was the result of a fair process. The Parties here agreed to conserve legal resources to focus on a final resolution of the case. Additionally, as outlined in Plaintiff's motion, the proposed settlement follows hard-fought litigation in the Related Case and was the result of arm's length negotiations between Class Counsel and counsel for Defendant.

Therefore, while the Settlement Agreement was negotiated before formal discovery was conducted, the Court finds that the Plaintiff's history of litigating similar, if not identical issues, and the Parties' reaching a Settlement Agreement that follow and largely parallel settlements from the Related Case indicate the settlement was negotiated at arm's length. *See In re Lupron Marketing and Sales Practices Litigation*, 228 F.R.D. 75, 94, R.I.C.O. Bus. Disp. Guide (CCH) P 10888 (D. Mass. 2005) ("The storm warnings indicative of collusion are a 'lack of significant discovery and [an] extremely expedited settlement of questionable value accompanied by an enormous legal fee.'") (quoting *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 801, 31 Fed. R. Serv. 3d 845 (3d Cir. 1995)).

The Settlement Agreement provides for injunctive relief requiring Defendant to (1) meet certain flushability standards, (2) submit to periodic independent testing, and (3) modifications to the packaging of non-flushable wipes. Additionally, Plaintiff states, and the Court finds, that the substantive terms of the Settlement Agreements are materially similar to the already approved settlements in the Related Case.

The Court finds that the Settlement Agreement is clearly adequate. *See Toyota Antitrust Litigation*, 564 F. Supp. at 1384. In an analysis of the adequacy of a proposed settlement, the relevant factors to be considered may include: (1) the relative strength of the case on the merits, (2) any difficulties of proof or strong defenses the plaintiff and class would likely encounter if the case were to go to trial, (3) the expected duration and expense of additional litigation, (4) the solvency of the defendant and the probability of recovery on a litigated judgment, (5) the degree of opposition to the proposed settlement, (6) the posture of the case at the time settlement was proposed, (7) the extent of discovery that had been conducted, (8) the circumstances surrounding the negotiations, and (9) the experience of counsel in the substantive area and class action litigation. *See Jiffy Lube*, 927 F.2d at 159; *West v. Cont'l Auto., Inc.*, No. 3:16-cv-00502, 2018 WL 1146642 at *4, 2018 U.S. Dist. LEXIS 26404 at *10 (W.D.N.C. Feb. 5, 2018).

Plaintiff argues that continued litigation against the settling Defendant poses substantial risks that make any recovery uncertain and that the immediacy and certainty of obtaining injunctive relief weigh in favor of finding the proposed settlement as adequate. Further, the Court observes that the injunctive relief provided against Defendant in the Settlement Agreement mirror significant portions of the relief which Plaintiff affirmatively seeks in its Complaint. In sum, the likelihood of substantial future costs weighed against the uncertainty of further litigation favors

approving the proposed settlement. *See Sims v. BB&T Corp.*, No. 1:15-cv-732, 2019 WL 1995314, at *4-5 (M.D.N.C. May 6, 2019).

The Court did not receive any objections to the Settlement Agreement, nor did the Court receive any requests for exclusions from the Settlement Agreement. Additionally, the Court received one response in support of the Settlement Agreement. (Dkt. No. 22).

4. **Notice for The Proposed Settlement Class**

As outlined in the Settlement Agreement, "Notice" consisted of the following: (1) First-Class direct mailed notice to the publicly owned sewage treatment plant operators located in the United States as of November 21, 2023; (2) Publication of a Summary Notice of one-half page in size once in both the print and online editions of the Water Environment Federation's magazine *Water Environment & Technology*; (3) Transmittal by email of the Notice of Settlement to roughly 23 national and local water organizations; (4) a Settlement website; (5) Publication of a Summary Notice via press release issued by the Parties; and (6) notice of the Proposed Settlement to federal and state officials as required by the Class Action Fairness Act of 2005.

As confirmed at the Court's September 27, 2024, hearing, Plaintiff satisfied all Notice requirements. The Court finds that the notice plan set forth in the Settlement Agreement constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of (a) the pendency of the litigation; (b) certification of the Settlement Class; (c) the existence and terms of the Settlement Agreements; (d) Settlement Class Members' rights to make claims, or object; and (e) the matters to be decided at Final Approval hearing. Further, the notice plan satisfied the due process requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, notice was proper.

## 5. Award of Attorneys' Fees and Costs

Regarding attorneys' fees and expenses in connection with this Rule 23(b)(2) settlement, Class Counsel has requested a total award of $275,000—consisting of $272,006.75 in attorneys' fees and $2,993.25 in actual expenses (including Court costs). The Court received no objections to Class Counsel's request for this award. A review of the *Barber* factors that are discussed at length in the Plaintiff's motion, demonstrates that the proposed award is reasonable and should be approved. With respect to the time and labor required, Plaintiff's counsel invested over two thousand hours toward successful resolution of this action as between the Parties and the issues presented in the litigation were difficult and complex, as explained *supra*. Given the complexity of the factual and legal issues presented in this case, the preparation, prosecution, and settlement of this case required significant skill and effort on the part of Plaintiff's counsel. Accordingly, the Court grants Class Counsel's request for an award of attorneys' fees and costs.

## Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for final approval of class action settlement and an award of attorneys' fees. (Dkt. No. 21). The Parties are **ORDERED** to continue to effectuate the Settlement Agreements in accordance with their terms.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 27, 2024
Charleston, South Carolina